UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAYLA SMITH,<br><br>                Plaintiff,<br><br>-against-<br><br>PRIORITY RECOVERY, INC.,<br><br>                Defendant. | Civil Action No.: 7:22-cv-08833-VB-JCM |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Shayla Smith, Defendant Priority Recovery, Inc. and non-party subpoena recipient Credit Acceptance Corporation (each hereinafter referred to individually as a "Party" and collectively as the "Parties") stipulate that the following provisions shall govern the production and handling of documents, electronically-stored information, discovery responses, deposition testimony, exhibits, and all other documents, information, and materials exchanged by the Parties or filed with the Court throughout the proceedings in the above-captioned action.

1. **Definitions**. As used in this Stipulated Protective Order ("Order"),

   a. "Document" means any document or electronically stored information within the scope of Fed. R. Civ. P. 34(a)(1)(A), and "electronically stored information" means any information stored electronically, regardless of the format thereof or type of device on which such information is accessible or stored;

   b. "Information" means any information contained in any Document or Matter (as defined below) or disclosed orally;

   c. "Matter" means any tangible thing;

1

d. "Producing Party" means any Party or non-party who produces, uses or discloses any Document, Matter or Information as part of discovery in this Action;

e. "Receiving Party" means any Party who receives any Document, Matter or Information as part of discovery in this Action; and

f. "Action" means the above-captioned civil action and includes all appeals of any order, judgment or decree until the final, non-appealable disposition of all issues raised in the above-captioned civil action.

2. **Scope of Order.** This Order shall apply to all Documents, Matter, and Information disclosed, produced, exchanged, or otherwise disseminated in this Action, including, without limitation, answers to interrogatories, responses to requests for admission, document productions, depositions and deposition transcripts. However, nothing in this Order shall limit the Parties' respective rights to oppose discovery of any Document, Matter, and/or Information on grounds other than that it constitutes "Confidential Information" as such term is defined in paragraph 4 below.

3. **Binding Effect.** Signature of this Order by counsel for a Party shall bind such Party's counsel and personnel, and such Party and its principals, shareholders, members, directors, officers, and employees.

4. **Designation of Confidential Information.** The Producing Party may designate such Document, Matter or Information as "Confidential" (collectively "Confidential Information") only if the Producing Party believes in good faith, at the time of disclosure, that such Confidential Information (i) is used by the Producing Party in or pertains to its business and is not generally known and would not normally be revealed to third parties; or (ii) would qualify as "confidential" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable legal

standard. If the Producing Party discovers that designated material does not qualify as Confidential Information, it must promptly notify each Receiving Party that it will withdraw or change the designation.

5. **Inadvertent Disclosure**. If, through inadvertence, the Producing Party discloses any Document, Matter, or Information that it believes should have been designated "Confidential," but was not, it may subsequently designate it as "Confidential," and it shall thereafter be treated as Confidential Information. If the Receiving Party has disclosed the Confidential Information to any third party prior to the change in designation, the Receiving Party shall notify the Producing Party and shall also make a good faith effort to have such Confidential Information returned to the Producing Party or destroyed.

6. **Designation in Depositions, Hearings, Trial and Transcripts**. Any witness under examination at a deposition, hearing or at trial, and/or his/her/its counsel, shall state whether or not any Document, Matter, or Information elicited or used in the course of the deposition qualifies as Confidential Information, provided, however, that the witness and/or his or her counsel, shall have thirty (30) days from the availability of the transcript(s) of such deposition, hearing, or trial within which to designate portions thereof as Confidential Information. If no designation is made during the deposition or testimony, or if there is no designation within thirty (30) days following availability of such transcript, then no part of the transcript (with the exception of exhibits designated as "Confidential") shall be treated as Confidential Information. Failure to make a designation during deposition, hearing or testimony, does not waive the right to make such designation subsequently within 30 days as indicated above.

7. **Disclosure of Confidential Information**. Confidential Information may be disclosed only to:

a. Attorneys of record who are outside counsel for the Parties; corporate counsel for the Parties; and officers of each of the Parties who have a need to know the Confidential Information for purposes of prosecuting or defending any claim or assisting in the making of any decision relating to this Action;

b. Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging and database services retained by counsel for the Parties to assist with trial preparation or presentation, or other court proceedings in this Action provided that each such personnel, and each such services company has signed an undertaking in the form of Exhibit A attached to this Order before receiving Confidential Information. Each services company shall be responsible for ensuring that its employees and staff comply in full with the provisions of this Order;

c. The United States District Court for the Southern District of New York, including all of its legal and clerical personnel, or any judicial body before which this Action is subsequently pending;

d. Independent experts or consultants who are not directly or indirectly associated with a Party and are engaged by outside counsel for the Parties to assist in this Action, together with the employees, staff, or other personnel working under the supervision of such independent experts or consultants, provided that each such independent expert or consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving Confidential Information. Independent experts and consultants shall be responsible for ensuring that their employees, staff, or other personnel working under their supervision comply in full with the

provisions of this Order;

e.  Outside stenographic court reporters; and

f.  Any deponent or other witness who authored, received, or saw the Confidential Information or who is otherwise familiar with the Confidential Information.

8. **Limitations on Use of Confidential Information.** The Receiving Party and any other person authorized to receive Confidential Information as provided in paragraph 7 above shall use same solely for purposes of the prosecution, defense, or making decisions regarding settlement of claims in this Action only, and in a manner consistent with this Order.

9. **Designation by a Non-Party.** Any non-party, whether a person or entity, wishing to come within the provisions of this Order when producing or disclosing any Document, Matter, or Information, shall (a) sign a statement in the form attached as Exhibit A confirming that the non-party has read the Order and agrees to comply with its terms, and (b) properly mark the Documents, Matter, or Information that it considers to be or to contain Confidential Information at the time such Document, Matter, or Information is produced, except that in the case of oral testimony at a deposition, hearing or trial, Confidential Information shall be designated as provided in paragraph 6 above.

10. **Exclusion from Restrictions.**

    a.  The restrictions set forth in this Order shall not apply to information that: (a) is known to the Receiving Party prior to the date of disclosure as proven by the Receiving Party's contemporaneous business records, or (b) becomes known to the public following disclosure in this Action, provided that such information was not inadvertently disclosed and subsequently designated as Confidential Information as provided in paragraph 5 above, or does not become publicly known by any act or

omission of the Receiving Party in breach of this Order.

b. Nothing in this Order shall preclude a Party or its counsel, or any other person, from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party, even though the same information may have been produced in discovery in this Action and designated as Confidential Information.

c. Nothing in this Order shall preclude any Party or its counsel from (a) showing any Confidential Information to an individual who prepared such Confidential Information; or (b) disclosing or using, in any manner or for any purpose, any information from the Party's own files which the Party itself has designated as Confidential Information.

11. **Filing Under Seal**. The Parties anticipate that some pleadings, motions, deposition transcripts or other papers in this Action will contain Confidential Information, and that some of these papers will need to be filed under seal because no procedure other than filing under seal will be sufficient to preserve the confidential nature of the Confidential Information. The Parties agree to follow the procedures set forth in the *Individual Practices of Judge Vincent L. Briccetti* with respect to the sealing of documents.

12. **Objection to Designation**. A Party may object at any time to the designation of any Confidential Information by giving written notice ("Notice of Objection") to counsel for the Producing Party by email, copying all other counsel of record for the Parties. The Notice of Objection shall identify the Confidential Information to which the objection is made and a response to the Notice of Objection (a "Response") shall be given by the Producing Party to the objecting Party, by email, within fourteen (14) days following receipt of the Notice of Objection. If the

Parties cannot resolve the objection within seven (7) days following the date of Response, the Producing Party shall seek to schedule a telephone conference for the Parties to resolve the objection before the Magistrate Judge. If a telephone conference is scheduled, the disputed Confidential Information shall be treated as Confidential Information until the Parties resolve their dispute or the Court issues a ruling with respect to the dispute. If the Producing Party fails to schedule a telephone conference as aforesaid, the disputed Confidential Information shall lose its designation as Confidential Information and shall thereafter not be treated as such.

13. **Use of Confidential Information in Court Proceedings**. The Parties shall confer and attempt to agree, before any trial or other hearing, on the procedures and conditions under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, any Party may ask the Court to issue an order governing the use of such Confidential Information at trial or hearing, upon reasonable notice to all disclosing parties who have produced such information.

14. **Survival**. The non-disclosure obligations of this Order shall survive the final, non-appealable disposition of this Action.

15. **Obligations on Termination of Action**. Within thirty (30) days of the conclusion of this Action by final, non-appealable disposition, each Party shall assemble all Confidential Information received by it and (a) at the Producing Party's option, return the Confidential Information at the Producing Party's expense or destroy all Confidential Information that is in non-electronic form, and (b) destroy all Confidential Information that is in electronic form, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product containing Confidential Information, provided that such counsel and its personnel shall not disclose such retained materials to any person or use such retained materials for any purpose

unrelated to this Action except pursuant to court order or written authorization by the Producing Party. Notwithstanding any of the foregoing, the Parties, their counsel, and experts for the Parties shall not be required to return or destroy any Confidential Information to the extent such Confidential Information is (a) stored on media that is not reasonably accessible, such as disaster recovery backup tapes or discs, or (b) only retrievable through the use of specialized tools or techniques typically used by forensic experts.

16. **Disclosure Pursuant to Legal Process.** If a Receiving Party in possession, custody, or control of Confidential Information is served with a subpoena, demand, or any other legal process seeking discovery of same by a non-party (a "Demand"), the Receiving Party shall give written notice to the Producing Party by email within 3 business days of its receipt of such Demand if the provision of notice is not forbidden by law or legal authorities. The Producing Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking such Confidential Information and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

17. **Relief from this Order.**
    a. Nothing in this Order shall prevent the Parties from applying to the Court for relief from this Order, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to waive this Order in part or whole as to particular designated information.
    b. This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

18. **Jurisdiction.** This Court shall retain jurisdiction over any action or proceeding arising out of or related to this Order. Each Producing Party and each Receiving Party or non-party

receiving Confidential Information agrees that he/she/it is subject to the jurisdiction of and bound by this Court for all of the foregoing purposes.

**SO STIPULATED AND AGREED:**

Dated: July 26, 2023

| | |
|---|---|
| **MARCUS & ZELMAN, LLC** | **WOOD SMITH HENNING & BERMAN LLP** |
| By: _/s/ Yitzchak Zelman_<br>Yitzchak Zelman, Esq. | By: _/s/ Mandeep Kaur_<br>Mandeep Kaur, Esq. |
| 701 Cookman Avenue, Suite 300<br>Asbury Park, New Jersey 07712<br>Tel.: (732) 695-3282<br>*Attorneys for Plaintiff Shayla Smith* | 685 3rd Avenue, 18th Floor<br>New York, New York 10017<br>Tel.: (332) 999-1287<br>*Attorneys for Defendant Priority Recovery, Inc.* |

**McLAUGHLIN & STERN, LLP**

By: _/s/ Chester R. Ostrowski_
    Chester R. Ostrowski, Esq.

260 Madison Avenue
New York, NY 10016
Tel.: (212) 455-0454
*Attorneys for Non-Party
Credit Acceptance Corporation*

**SO ORDERED:**

_____
**HON. JUDITH C McCARTHY, U.S.M.J.**

7-26-2023

## Exhibit A

## Acknowledgement and Agreement to be Bound By Stipulated Protective Order

I, _____, of _____,

declare under penalty of perjury that:

1. I have read and understood in its entirety the Stipulated Protective Order (the "Order") that was entered by the Hon. Judith C. McCarthy, of the United States District Court for the Southern District of New York, on July ____, 2023, in *Shayla Smith v. Priority Recovery, Inc.*, Case No. 7:22-cv-08833-VB-JCM (the "Action");

2. I shall comply with and be bound by all the terms of the Order;

3. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt;

4. I represent and warrant that I will not disclose any Documents, Matter, or Information that has been designated as Confidential Information (as such terms are defined in the Order) to any person or entity except in strict compliance with the Order;

5. I hereby submit to the personal jurisdiction of the United States District Court for the Southern District of New York, even if proceedings to enforce the terms of the Order occur after final judgment or other termination of the Action, and hereby waive any claims I may now or hereafter have with respect to such jurisdiction.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____